No. 23-1108

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

FLORENCE KOCHER,

*Appellant,*

v.

SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

*Appellee.*

APPEAL FROM DECEMBER 22, 2022 ORDER GRANTING SUMMARY JUDGMENT IN CIVIL ACTION NO. 21-921, IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA (HON. TIMOTHY J. SAVAGE)

## BRIEF OF APPELLEE

JACQUELINE C. ROMERO
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

DAVID A. DEGNAN
Assistant United States Attorney

615 Chestnut St., Suite 1250
Philadelphia, PA 19106
215-861-8522

# TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER JURISDICTION ................................ 1

STATEMENT OF APPELLATE JURISDICTION ........................................... 1

STATEMENT OF THE ISSUES ................................................................... 2

STATEMENT OF RELATED CASE ............................................................. 3

STATEMENT OF THE CASE ...................................................................... 4

I. Introduction ......................................................................................... 4

II. Statement of Facts .............................................................................. 6

    A.   Kocher's employment at the Philadelphia VA Medical Center ..... 6

    C.   The 2018 Performance Improvement Plan ................................... 8

    D.   2018 Proficiency Counseling ........................................................ 9

    E.   The 2018 Proficiency Report ...................................................... 10

    F.   Kocher's complaint of a privacy violation in the 2018 proficiency report .................................................................................. 11

III. Procedural History and Ruling on Review ..................................... 12

SUMMARY OF ARGUMENT .................................................................... 14

ARGUMENT ............................................................................................ 17

I. Standard of Review .......................................................................... 17

II. The Title VII Framework ................................................................. 17

III. The district court correctly granted summary judgment in favor of the VA on Kocher's discrimination claims. ................................ 18

    A.   Kocher failed to produce evidence of an adverse employment action. ........................................................................................ 19

    B.   Kocher failed to show circumstances from which a reasonable juror could infer gender or age discrimination ........................... 24

IV.   The district court correctly found that Kocher failed to support a retaliation claim because she could not establish a materially adverse action or causal link. .......................................................... 26

    A.   Kocher could not establish a materially adverse action. ............. 28

i

B.     No causal connection linked the alleged adverse actions to
protected activity. ........................................................................ 30

CONCLUSION ..................................................................................... 34

CERTIFICATIONS................................................................................ 35

# TABLE OF AUTHORITIES

**Cases**                                                             **Page(s)**

*Barnett v. N.J. Transit Corp.*,
573 F. App'x 239 (3d Cir. 2014).................................................21

*Blakney v. City of Phila.*,
559 F. App'x 183 (3d Cir. 2014).................................................31

*Brooks v. CBS Radio, Inc.*,
342 F. App'x 771 (3d Cir. 2009) ...........................................4, 17

*Burlington Indus., Inc. v. Ellerth*,
524 U.S. 742 (1998).................................................................19

*Burlington N. & Santa Fe Ry. Co. v. White*,
548 U.S. 53 (2006) ............................................... 22, 26, 27, 28

*Carmody v. Pennsylvania State Univ.*,
2007 WL 1074862 (M.D. Pa. Apr. 9, 2007) ..............................31

*Chandler v. Roudebush*,
425 U.S. 840 (1976) ...............................................................17

*Clark Cnty. Sch. Dist. v. Breeden*,
532 U.S. 268 (2001)................................................................ 26

*Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*,
442 F.3d 812 (3d Cir. 2006)...............................................14, 32

*Farrell v. Planters Lifesavers Co.*,
206 F.3d 271 (3d Cir. 2000)..................................................... 30

*Fenter v. Mondelez Global, LLC*,
574 F. App'x 213 (3d Cir. 2014) .............................................. 18

*Harris v. Dow Chemical Co.*,
586 F. App'x 843 (3d Cir. 2014) .............................................. 33

*Jones v. Sch. Dist. of Phila.*,
  198 F.3d 403 (3d Cir. 1999)................................................ 24, 25

*Jones v. Se. Pa. Transp. Auth.*,
  796 F.3d 323 (3d Cir. 2015)....................................................19

*Komis v. Sec'y of U.S. Dep't of Labor*,
  918 F.3d 289 (3d Cir. 2019) ............................................. 27, 28

*Laborers' Int'l Union of N. Am., AFL-CIO v. Foster
  Wheeler Energy Corp.*, 26 F.3d 375 (3d Cir. 1994) ....................14

*LeBoon v. Lancaster Jewish Cmty. Ctr. Assn.*,
  503 F.3d 217 (3d Cir. 2007)................................................30, 32

*McDonnell Douglas v. Green*,
  411 U.S. 792 (1973) .......................................................... 18

*Moore v. City of Phila.*,
  461 F.3d 331 (3d Cir. 2006)..................................................... 27

*Morrison v. Carpenter Technology Corp.*,
  193 F. App'x 148 (3d Cir. 2006) ............................................. 29

*Newman v. GHS Osteopathic, Inc.*,
  60 F.3d 153 (3d Cir. 1995) ....................................................... 18

*Norfolk Southern Railway Co. v. Bassel USA Inc.*,
  512 F.3d 86 (3d Cir. 2008) .......................................................17

*Oncale v. Sundowner Offshore Servs., Inc.*,
  523 U.S. 75 (1998) .......................................................... 4, 18

*Porter v. Shah*,
  606 F.3d 809 (D.C. Cir. 2010)................................................. 29

*Remp v. Alcon Labs., Inc.*,
  701 F. App'x 103 (3d Cir. 2017) ..............................................19

*Reynolds v. Dep't of the Army*,
  439 F. App'x 150 (3d Cir. 2011) ............................................. 20

iv

*Shaner v. Synthes (USA)*,
  204 F.3d 494 (3d Cir. 2000) ..................................................... 32

*Sperling v. United States*,
  515 F.2d 465 (3d Cir. 1975)...........................................................17

*State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C.*,
  566 F.3d 86 (3d Cir. 2009)............................................................17

*Steinagel v. Valley Oral Surgery*,
  2013 WL 5429269 (E.D. Pa. Sept. 30, 2013) ............................ 24

*Stewart v. Union Cty. Bd. of Educ.*,
  655 F. App'x 151 (3d Cir. 2016) ................................................ 25

*Storey v. Burns Int'l Sec. Servs.*,
  390 F.3d 760 (3d Cir.2004) .......................................... 5, 10, 19

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) .................................................................. 18

*Thompson v. N. Am. Stainless, LP*,
  562 U.S. 170 (2011)................................................................... 26

*Tirk v. Dubrook, Inc.*,
  673 F. App'x 238 (3d Cir. 2016) .................................................31

*Washington v. Se. Pennsylvania Transportation Auth.*,
  2021 WL 2649146 (E.D. Pa. June 28, 2021)............................. 30

*Weston v. Pennsylvania*,
  252 F.3d 420 (3d Cir. 2001) ..................................................21, 22

## Statutes

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

29 U.S.C. § 621 ....................................................................3, 4, 17

29 U.S.C. § 623(d) ......................................................................17

42 U.S.C. § 2000e-3(a) ..........................................................17, 26

42 U.S.C. § 2000e-5(f)(3) .............................................................1

42 U.S.C. § 2000e-16(d) ...............................................................1

## STATEMENT OF SUBJECT MATTER JURISDICTION

The district court had subject matter jurisdiction over this action because it arose under the federal sector provisions of Title VII of the Civil Rights Act of 1964. *See* 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 2000e-16(d).

## STATEMENT OF APPELLATE JURISDICTION

Florence Kocher appeals from the district court's December 22, 2022 order that granted summary judgment in favor of the Secretary of the United States Department of Veterans Affairs. Based on Kocher's timely notice of an appeal, this Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.     Did the district court correctly rule that appellant Florence Kocher failed to support a prima facie claim of discrimination or retaliation, because Kocher's low performance ratings and unsatisfactory proficiency reports did not constitute adverse employment actions?

2.     Did the district court correctly hold that Kocher failed to offer any evidence suggesting that the VA's actions were based on age or gender discrimination?

3.     Did the district court properly conclude that the evidentiary record—composed chiefly of Kocher's conclusory, nebulous allegations of retaliation by her second-line supervisor—lacked any facts establishing the existence of a causal connection between Kocher's protected activities and the VA's actions?

## STATEMENT OF RELATED CASE

Kocher filed an additional complaint on September 27, 2022 against Denis R. McDonough, Secretary, Department of Veterans Affairs, alleging that she was subjected to gender discrimination and age discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e *et seq* (Title VII), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq*. (ADEA). *See Kocher v. McDonough*, Civ. No.  22-3808 (E.D. Pa.). That case is pending before the district court.

## STATEMENT OF THE CASE

## I.    Introduction

Appellant Florence Kocher has been employed as a Patient Safety Manager at the VA Medical Center in Philadelphia since 2013. While at the VA, Kocher initiated grievance proceedings and filed several Equal Employment Opportunity complaints, alleging discrimination based on her age and gender, and that the VA retaliated against her for engaging in protected activities. Those complaints culminated in the civil action from which this appeal arises. The district court granted summary judgment in favor of the VA.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., prohibits employers from discriminating on the basis of several protected characteristics, including sex. Using parallel language, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq*., extends this prohibition to age discrimination. However, Title VII and the ADEA are not "general civility code[s] for the American workplace." *Brooks v. CBS Radio, Inc.*, 342 F. App'x 771, 776 (3d Cir. 2009) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). A Title VII (or ADEA) plaintiff must prove that she suffered a truly adverse

employment action, rather than just typical workplaces slights and grievances. An adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (internal quotation marks omitted).

In rejecting Kocher's claims of age and gender discrimination, the district court held that Kocher was not subjected to an adverse employment action. Specifically, the court ruled that Kocher's negative performance evaluations were not adverse employment actions: "[Kocher] was not suspended, denied a promotion, given significantly different responsibilities, or assigned less work. Her salary was unaffected. The counseling simply advised her about acceptable and desired conduct, informing her of deficiencies in her job performance to give her an opportunity to correct them and demonstrate satisfactory performance." Appx010. Similarly, the district court concluded that Kocher's more trivial complaints – a reference in her personnel record to a health condition (later corrected) and the refusal to use a certain form for her self-evaluation – did not adversely affect the conditions of Kocher's employment. The court

5

also found no evidence that similarly situated non-members of the protected class were treated any differently than Kocher, and thus Kocher failed to make out a prima facie case of discrimination based on her age or gender. Regarding Kocher's retaliation claim, the district court concluded that Kocher could not establish a causal connection between any protected EEO activity and conduct by the VA that could have dissuaded a reasonable employee from making or supporting a charge of discrimination.

## II.  Statement of Facts

### A.    Kocher's employment at the Philadelphia VA Medical Center

Kocher has been a Patient Safety Manager at the Philadelphia VA Medical Center (VAMC) since 2013. Appx038. From January 2018 until December 2018, Tracey Schoen was a Quality Management Supervisor at the VAMC and was Kocher's first-line supervisor. Appx094 (Kocher Aff.); SAppx001[1] (Schoen Aff.). Bruce Boxer was Kocher's second-line supervisor until approximately July 2018. Appx094 (Kocher Aff.). Brian Gainsley worked as Interim Director of Quality Management at the VAMC. Appx096

---

[1] "SAppx" citations refer to pages of the VA's Supplemental Appendix. Unless otherwise indicated, parenthetical citations refer to the page and line numbers of the original records.

6

(Gainsley Aff.). During relevant time periods, Gainsley was Kocher's second-line supervisor. Appx094 (Kocher Aff.); Appx097 (Gainsley Aff.).

Like Kocher, Peter Leporati also worked as a Patient Safety Manager at the VAMC. SAppx007 (Leporati Proficiency Report). Leporati was promoted to Quality Management Supervisor in January 2018. *Id.*; SAppx013 (Gainsley Aff.). Gainsley was Leporati's first-line supervisor. SAppx007 (Leporati Aff.). Tracey Schoen never supervised Leporati. SAppx004 (Schoen Aff.).

### B.    The 2017 Proficiency Report

On July 11, 2018, the VA issued Kocher her FY2017 proficiency report, the VA's annual performance evaluation. In this proficiency report, created by Bruce Boxer, Kocher was rated "Satisfactory" in the category "Nursing Practice." Appx105 (Kocher Proficiency Rep.). Kocher was rated "Low Satisfactory" in the category "Interpersonal Relationships." *Id.* Kocher's overall rating was "Low Satisfactory." *Id.* In this proficiency report, Boxer summarized Kocher's performance issues as follows:

> Kocher has had difficulty working in a patient safety team. This difficulty inhibits the synergy that occurs when team members work together harmoniously and has a negative effect on patient safety and the QM [Quality Management] department.

***

> Kocher has had difficulty in effectively
> communicating with and working with members of
> the QM team. . . .
>
> ***
>
> Patricia Simons and Kocher have had documented
> verbal arguments that resulted in a Written
> Counseling for Kocher. Situations involving QM
> staff and staff in other departments demonstrate
> Kocher's difficulty in communicating effectively.

*Id.* at Appx103.

## C.    The 2018 Performance Improvement Plan

On August 10, 2018, Tracey Schoen, Kocher's supervisor, issued

Kocher a Performance Improvement Plan (PIP). SAppx016-020. The PIP

identified areas in need of improvement, including Kocher's organization at

the VA's root cause analysis meetings, the quality of Kocher's draft annual

reports, and Kocher's collaboration with peers within her interdisciplinary

group. *Id.*

After the PIP was issued, Kocher filed a grievance through her union,

alleging that the PIP was procedurally defective. Appx092 (Kocher

Grievance); Appx123 (Grievance Decision); SAppx021-022 (Proficiency

Counseling Memo). Kocher argued that management failed to comply with

the VA Handbook's process guidelines because the PIP was issued before

consultation with the union. Appx092 (Kocher Grievance); Appx123

(Grievance Decision); SAppx121-122 (Proficiency Counseling Memo). The VA resolved the grievance by terminating the August 2018 PIP. Appx117 (PIP Termination Memo).

### D.    2018 Proficiency Counseling

After the PIP was terminated, the VA issued Kocher a Proficiency Counseling, pursuant to VA Handbook 5013. Appx118-122. The Proficiency Counseling was not the subject of any grievance filed by Kocher. It addressed the same job performance areas that were the subject of the rescinded PIP. *Id.* It explained that Kocher was failing to perform her duties as Patient Safety Manager in at least one of the four critical dimensions of her position. Appx118-122 (Proficiency Counseling). The Proficiency Counseling addressed Kocher's performance in each dimension and the steps Kocher should take to improve her performance. *Id.*

Procedures related to Proficiency Counseling are detailed in VA Handbook 5013, which requires that VA supervisors counsel their employees at least once annually. SAppx039 (Excerpt from VA Handbook 5013).

### E.     The 2018 Proficiency Report

On January 11, 2019, Kocher received her FY2018 proficiency report, which covered the period from October 1, 2017 through September 28, 2018. Appx106-109. In this proficiency report, Kocher provided a self-evaluation. Appx110-115. Kocher requested that her self-evaluation be transferred to an official VA form template—Form 10-2633. Appx116 (Jan. 15, 2019 Email Correspondence Between F. Kocher and B. Gainsley). Kocher's second-line supervisor, Brian Gainsley, informed Kocher that it was not necessary for her self-evaluation to be transcribed onto Form 10-2633. *Id.* Gainsley told Kocher that doing so would be time consuming and unnecessary. *Id.*  Kocher's self-evaluation was attached to her final proficiency report and signed by Schoen, the rating official who authored the report, and Gainsley, the approving official. Appx106-115.

In her FY2018 proficiency report, Kocher was rated as "Satisfactory" in the category "Nursing Practice" and "Unsatisfactory" in the category "Interpersonal Relationships." Appx107. Kocher's overall rating was "Low Satisfactory." *Id.* The FY2018 proficiency report also noted difficulties Kocher experienced working with others at the VAMC. *Id.* The report described Kocher's habit of making demeaning comments and criticizing

coworkers, not accepting constructive criticism, and engaging in hostile behavior during meetings. Appx109. The report cited several specific incidents involving Kocher, including, among other things, that she criticized a colleague in such a way that caused them to cry and made negative comments to several VA staff members about attending the funeral of a coworker's mother. *Id.*

### F. Kocher's complaint of a privacy violation in the 2018 proficiency report

In April 2018, while at work at the VA, Kocher experienced a serious medical condition. SAppx046 (Kocher Dep. Tr. 121-22). Peter Leporati responded to Kocher's call for help and summoned assistance. *Id.* Kocher was then admitted to the Intensive Care Unit at the VAMC. *Id.*

On January 14, 2019, Kocher contacted VA Privacy Officer Celita Rivera and complained that her proficiency report included a reference to her April 2018 medical condition. Appx101 (Privacy Officer Report). Rivera memorialized the complaint and recommended removing any reference to Kocher's medical condition from her proficiency report. *Id.* Tierney Stanley, VA Employee & Labor Relations Chief, worked with Gainsley to remove any reference to Kocher's medical condition in the FY2018 proficiency report. Appx098-099 (Feb. 28, 2019 Email from T. Stanley to C. Rivera). On

February 6, 2019, Rivera informed Kocher that any reference to her medical condition had been removed from the FY2018 proficiency report. SAppx049-050 (Feb. 5, 2019 Ltr. from C. Rivera to F. Kocher); Appx106-109 (Proficiency Report).

On February 28, 2019, Stanley determined that Kocher's original evaluation (containing the reference to Kocher's health condition) was improperly scanned into her electronic personnel file and requested that the document be removed. Appx098-099 (Feb. 28, 2019 Email from T. Stanley to C. Rivera). The document was removed from Kocher's electronic personnel file on February 28, 2019. SAppx052 (Stanley Aff.); Appx102 (Feb. 28, 2019 Email Correspondence between T. Stanley and C. Rivera).

## III.  Procedural History and Ruling on Review

On January 28, 2019, Kocher filed a formal complaint of discrimination. SAppx057-060. Kocher alleged that each of the following constituted discrimination based on age and gender, as well as retaliation for engaging in protected EEO activity:

- The November 2018 performance counseling.

- The FY2018 proficiency report and overall rating of "low satisfactory."

- Being denied the opportunity to submit a self-evaluation on VA Form 10-2633.

- The inclusion of a reference to Kocher's health condition in an early version of the FY2018 proficiency report.

- The uploading to Kocher's electronic personnel file of the FY2018 proficiency report that included a reference to Kocher's health condition.

SAppx057-059 (Notice of Acceptance of EEO Complaint). On December 2, 2020, an EEOC administrative law judge entered summary judgment in favor of the VA on all of Kocher's claims. SAppx061. On December 3, 2020, the VA issued its final agency decision denying Kocher's claims. SAppx075.

Kocher filed this action in district court on February 26, 2021. On December 22, 2022, the district court granted the VA's motion for summary judgment and entered judgment for the VA. Appx003.

13

## SUMMARY OF ARGUMENT

Kocher claims she was discriminated against due to her age and gender, and that the VA retaliated against her because of her prior EEO activity. Chief among Kocher's grievances are complaints about routine performance counseling and disappointing performance evaluations. Rather than address the district court's reasoning in granting summary judgment in favor of the VA, Kocher asks this Court to scrutinize and second-guess her perceived "unfair" performance reviews. *See* Appellant's Br. at 11-18.

The district court correctly identified two overarching deficiencies in Kocher's discrimination claims; Kocher did not address either in her principal brief before this Court.[2] First, none of the conduct complained of

---

[2] Kocher has not meaningfully engaged with the district court's reasoning and has arguably waived all arguments on appeal. *E.g., Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). Indeed, on appeal, rather than attempting to meet her burden of pointing to record evidence showing a genuine issue of material fact before the district court, Kocher has cited to her own memorandum of law. *See generally* Appellant's Br. (containing citations to A076–A088 (Kocher's Resp. to Def.'s Mot. for Summ. J.)). *Cf.* Fed. R. App. 30(a)(2) (providing that parties should not include memoranda of law in appendix on appeal unless they have independent relevance). As this Court has admonished in similar circumstances, "[j]udges are not like pigs, hunting for truffles buried in the record." *Doeblers' Pennsylvania Hybrids, Inc. v.*

rose to the level of an adverse employment action, which is required for any discrimination or retaliation claim to be actionable. Kocher objected to an annual performance counseling, a negative evaluation, and, essentially, a recordkeeping dispute. Interpreting the facts in the light most favorable to Kocher, these instances are insufficient to constitute an adverse employment action for a Title VII discrimination or retaliation claim. The district court properly granted summary judgment in favor of the VA on this basis.

Second, the district court ruled that Kocher failed to adduce any evidence suggesting that her age or gender affected how she was treated at the VAMC. In the absence of any evidence from which a jury could infer discrimination, the district court properly entered judgment in favor of the VA on this separate and independent basis.

The district court granted summary judgment on Kocher's retaliation claim on the additional ground that she failed to show a causal link between the alleged adverse actions and protected activity. Kocher did not specify when the protected activity predating her EEO complaint in this case

---

*Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quotations and citation omitted).

occurred, or what conduct by the VA purportedly related to prior protected activity. Accordingly, the district court entered judgment for the VA on Kocher's retaliation claim.

The district court had a robust factual record before it and carefully examined the circumstances surrounding Kocher's employment at the VA. There is no evidence that any VA employment action Kocher challenges was motivated by her gender, age, or protected activity. This Court should affirm the district court's ruling.

## ARGUMENT

### I.    Standard of Review

This Court's review of a grant of summary judgment is plenary and employs the same standard as the district court. *State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C.*, 566 F.3d 86, 89 (3d Cir. 2009) (citing *Norfolk Southern Railway Co. v. Bassel USA Inc.*, 512 F.3d 86, 91 (3d Cir. 2008)). Evidence from the administrative record may also be considered. *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976); *Sperling v. United States*, 515 F.2d 465, 484 (3d Cir. 1975).

### II.    The Title VII Framework

Title VII of the Civil Rights act of 1964, 42 U.S.C. §§ 2000e *et seq.*, prohibits employers from discriminating based on protected characteristics, including sex. Through parallel language, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*, extends this prohibition to age discrimination. Both statutes also contain anti-retaliation provisions designed to protect employees who oppose unlawful discrimination in the workplace. *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). However, Title VII and the ADEA are not a "general civility code for the American workplace." *Brooks v. CBS Radio,*

*Inc.*, 342 F. App'x 771, 776 (3d Cir. 2009) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).

Title VII claims of discrimination and retaliation are governed by the *McDonnell Douglas* burden-shifting framework. *Fenter v. Mondelez Global, LLC*, 574 F. App'x 213, 216-218 (3d Cir. 2014).[3] A plaintiff bears the initial burden of proving a prima facie case by a preponderance of the evidence. *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). If she cannot meet this burden, summary judgment should be granted. *Id.*

### III.   The district court correctly granted summary judgment in favor of the VA on Kocher's discrimination claims.

To establish a prima facie discrimination claim, Kocher was required to demonstrate four elements: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Only the first two elements were satisfied here: Kocher was and is a female over the age of 40

---

[3] Discrimination claims brought under Title VII and the ADEA are analyzed using the same three-step *McDonnell Douglas* framework. *See, e.g., Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995) ("[T]he ADA, ADEA and Title VII all serve the same purpose—to prohibit discrimination in employment against members of certain classes. Therefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well.").

who was qualified for her job as a Patient Safety Manager at the VAMC. However, Kocher's burden was to marshal evidence that could establish each element of a prima facie discrimination claim. The district court correctly found that she did not do so with respect to the third and fourth elements.

## A.    Kocher failed to produce evidence of an adverse employment action.

Kocher offered no evidence suggesting that the alleged adverse actions that serve as the basis of her discrimination claim resulted in any tangible, detrimental change to the conditions of her employment. Only an action that "'is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment'" rises to the level of an "adverse employment action" under Title VII's anti-discrimination provision. *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)) (internal quotation marks omitted). Adverse employment actions include "'firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Remp v. Alcon Labs., Inc.*, 701 F. App'x 103, 106–07 (3d Cir. 2017) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Being placed on a performance improvement plan or receiving a written

reprimand, without more, is not an adverse employment action. *Reynolds v. Dep't of the Army*, 439 F. App'x 150, 153 (3d Cir. 2011).

Kocher maintains that the following constituted adverse actions:

- The November 2018 performance counseling.

- The FY2018 proficiency report and overall rating of "low satisfactory."

- Being denied the opportunity to submit a self-evaluation on VA Form 10-2633.

- The inclusion of a reference to Kocher's health condition in an early version of the FY2018 proficiency report.

- The uploading to Kocher's electronic personnel file of the FY2018 proficiency report that included a reference to Kocher's health condition.

SAppx057-060 (Notice of Acceptance of EEO Complaint). The district court correctly held that none of these actions resulted in any tangible, detrimental changes to the conditions of Kocher's employment, and thus do not rise to the level of an adverse employment action.

### 1. *The November 2018 Performance Counseling*

The November 2018 counseling was not an adverse employment action because it did not affect the terms or conditions of Kocher's employment. The counseling resulted in no penalty; Kocher was not suspended, denied a promotion, or assigned different responsibilities. Nor was Kocher's compensation affected in any way. Instead, the counseling

consisted of a supervisor, Schoen, advising an employee about acceptable conduct in accordance with VA policy. VA Handbook 5013 provides that supervisors counsel employees at least annually and "[a]t any time during the appraisal period when performance problems are observed which may be expected to result in a low/minimally satisfactory or unsatisfactory annual proficiency rating." SAppx040. Under those circumstances, "the rating official will hold a counseling conference . . . to inform the employee of the deficiencies, give the employee a reasonable opportunity to correct identified deficiencies and demonstrate satisfactory performance." SAppx039-040.

Even if the November 2018 counseling were construed as a negative evaluation, Kocher offered no evidence that it had any impact on her compensation or terms of employment. As the district court noted, a "negative evaluation, by itself, is not an adverse employment action." Appx029 (citing *Weston v. Pennsylvania*, 252 F.3d 420, 431 (3d Cir. 2001)); *see also Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 244 (3d Cir. 2014) (finding no adverse action where plaintiff "failed to show, or even allege, that [a negative evaluation] had any effect on her employment status. She was not fired from the training program, she was not demoted, and there was no change in her pay and benefits.").

2. *The 2018 Proficiency Report*

Similarly, the FY2018 proficiency report, including the overall rating of "low satisfactory," was not an adverse employment action because it did not affect the terms, conditions, or compensation of Kocher's employment. In her complaint, Kocher alleged that the FY2018 proficiency report reduced potential future opportunity within the VA. Appx043-044 (Compl. ¶¶ 71, 75). However, as with the November 2018 counseling, Kocher produced no evidence suggesting that the FY2018 proficiency report would affect her future ability to advance within the VA. Kocher never applied for a promotion after the FY2018 proficiency report was issued. This claim, predicated on a freestanding negative evaluation, cannot constitute an adverse employment action. *Weston*, 252 F.3d at 431.

3. *The self-evaluation and medical information*

The remaining three instances of alleged discrimination were, at most, petty slights or annoyances inherent to the workplace that do not rise to the level of an adverse employment action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). They are not actionable under Title VII or the ADEA.

First, Kocher claimed that the VA denied her the opportunity to submit a self-evaluation on VA Form 10-2633. Kocher did not claim that

the VA refused to accept her self-evaluation. Instead, she complained that the VA would not transcribe her self-evaluation onto a particular form. Appx116 (Jan. 15, 2019 Email Correspondence between F. Kocher and B. Gainsley). It is undisputed that Kocher's self-evaluation was accepted and became part of her official personnel file. Appx106-115.[4]

Second, Kocher complained that an early version of the FY2018 proficiency report included a reference to a medical condition Kocher experienced while on duty at the VA. The VA does not dispute this fact. However, after learning this information, VA Privacy Officer Celita Rivera recommended removing any reference to Kocher's health condition from the proficiency report. Appx101. Tierney Stanley, VA Employee & Labor Relations Chief, accepted that recommendation and the reference was removed from the proficiency report. SAppx049; Appx106-109.

Lastly, Kocher claims that the VA discriminated against her when it inadvertently scanned the original proficiency report—containing the

---

[4] Kocher asserts, without citation to record evidence, that her private medical information was "placed on a public website" and "was visible to the public for nearly two (2) months." Appellant's Br. at 15-16. There is no evidence whatsoever to support this contention. To the extent Kocher is arguing that her electronic personnel file is a "public website," there is likewise not even a suggestion in the record that any member of the general public could access Kocher's electronic personnel file.

reference to Kocher's health condition—into her electronic personnel file. Upon hearing of the inclusion, Brian Gainsley requested that the document be removed. Appx098-099. The VA removed the original proficiency report from Kocher's electronic personnel file on February 28, 2019. SAppx052; Appx102.

None of these instances materially affected any conditions of Kocher's employment. Thus, the district court concluded that Kocher was not subjected to any adverse employment action and correctly granted summary judgment for the VA on the related discrimination claims.

## B.    Kocher failed to show circumstances from which a reasonable juror could infer gender or age discrimination.

The factual record is devoid of any evidence suggesting that Kocher's age or gender affected how she was treated at the VAMC. Accordingly, the district court held that Kocher failed to support the fourth prima facie element in her discrimination claims.

To establish gender-based discrimination, a female plaintiff must demonstrate that either: (1) similarly situated males were treated more favorably; or (2) other circumstances giving rise to the inference of discrimination. *See Jones v. Sch. Dist. of Penn.*, 198 F.3d 403, 410 (3d Cir. 1999). Similarly, a plaintiff may establish a prima facie case of age

discrimination if they show that younger employees were treated more favorably. *Steinagel v. Valley Oral Surgery*, 2013 WL 5429269, at *6 (E.D. Pa. Sept. 30, 2013). Where the evidence shows that members and non-members of a protected class were similarly impacted, there can be no causal connection. *See, e.g., Stewart v. Union Cty. Bd. of Educ.*, 655 F. App'x 151, 158 (3d Cir. 2016).

Kocher failed to produce any evidence showing that she was treated less favorably than a similarly situated employee outside her protected groups. The only individual Kocher identified as a comparator was Peter Leporati. Compl. ¶ 18. Leporati is a male and only two years younger than Kocher. Like Kocher, Leporati was a Patient Safety Manager. Leporati was promoted to Quality Management Supervisor in September 2017, more than a year before the evaluation Kocher complains of. Kocher presented no evidence that Leporati was rated any differently than Kocher during relevant time periods. Additionally, Kocher never applied for any promotion, including the promotion Leporati received. *Id.*

The record also lacks any facts from which a reasonable juror could infer the VA's actions were motivated by discrimination. To prevail under this theory, Kocher would have to point to circumstances establishing that a discriminatory reason "was more likely than not a motivating or

determinative cause" of the VA's action. *Jones*, 198 F.3d at 413 (internal citation and quotation omitted). As the district court noted, Kocher's assertions that Schoen was inexperienced and unfamiliar with Kocher undermine any argument that the performance counseling was motivated by discriminatory animus. Appx013. No facts in the record suggested that any of the actions of the VA were more likely than not motivated by discrimination.

## IV. The district court correctly found that Kocher failed to support a retaliation claim because she could not establish a materially adverse action or causal link.

Title VII prohibits employers from discriminating against employees who oppose employment practices made unlawful by Title VII, or because employees made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Such discriminatory conduct is unlawful retaliation. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 172–74 (2011). However, Title VII's anti-retaliation provision only protects employees from "retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006).

In general, to establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) there was a causal connection between her protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006).

Unlike its anti-discrimination provision, Title VII's private sector anti-retaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). It protects private sector employees "from conduct a 'reasonable employee would have found … materially adverse,' employment-related or otherwise." *See Komis v. Sec'y of U.S. Dep't of Labor*, 918 F.3d 289, 296 (3d Cir. 2019). "Materially adverse" conduct is conduct "that would dissuade a reasonable worker from invoking her antidiscrimination rights." *Id.* at 299.

For the federal sector, Title VII's prohibition on retaliation is implicit in its anti-discrimination provision, which speaks in terms of "personnel actions." *See id*. The distinction between the private sector's "materially adverse" conduct standard and the federal sector's "personnel action" standard does not matter for purposes of this appeal because Kocher failed

to marshal evidence showing a causal link between protected activity and conduct sufficient even to meet the lower "materially adverse" standard, as the district court concluded. *See* A017.

It is undisputed that Kocher engaged in protected EEO activity. However, Kocher could not establish the remaining elements: a materially adverse action and causal connection. Accordingly, the district court granted summary judgment in favor of the VA on Kocher's retaliation claim.

## A.    Kocher could not establish a materially adverse action.

To establish the adverse action element of a retaliation claim, Kocher was required to show, at a minimum, that a reasonable employee would have found the alleged conduct to be materially adverse, meaning that the action may have dissuaded a reasonable employee from making or supporting a charge of discrimination. *Burlington*, 548 U.S. at 68 (citations and internal quotation marks omitted); *see also Komis*, 918 F.3d at 296 (discussing higher standard potentially applicable in federal sector context). This is an objective standard. *Burlington*, 548 U.S. at 68. Trivial harms are insufficient, and the action must be materially adverse. *Id.*

Kocher's appellate brief, previous pleadings, and her EEOC complaint fail to distinguish between actions that were the result of alleged

discrimination and actions that were the result of alleged retaliation. Although not discussed in Kocher's brief, for the purposes of this appeal the VA assumes that the alleged adverse actions with respect to Kocher's retaliation claim are the same as the purported adverse actions Kocher claims were the result of gender and age discrimination. For essentially the same reasons discussed above, *supra* at 19-24, none of these actions was a materially adverse action vis-à-vis Kocher's retaliation claim. *See Morrison v. Carpenter Technology Corp.*, 193 F. App'x 148, 154 (3d Cir. 2006) (finding that an employer's corrective performance review was not materially adverse to an employee); *Porter v. Shah*, 606 F.3d 809, 818 (D.C. Cir. 2010) (holding that a negative assessment "did not affect [plaintiff's] position, grade level, salary, or promotion opportunities and was therefore not a materially adverse action") (citations and internal quotation marks omitted).The district court granted summary judgment in favor of the VA consistent with this reasoning and the Court should affirm.

### B.    No causal connection linked the alleged adverse actions to protected activity.[5]

Kocher also failed to establish the third prima facie element of a retaliation claim: a causal connection linking the adverse actions to protected activity. Even when the record evidence is construed in the light most favorable to her claim, she cannot satisfy this test.

An inference of a causal connection can, amongst other things, be established via an "unusually suggestive" temporal proximity between the protected activity and the adverse action. *LeBoon v. Lancaster Jewish Cmty. Ctr. Assn*, 503 F.3d 217, 231 (3d Cir. 2007). This Court has "declined to establish a bright line rule dictating a specific amount of time that is unusually suggestive of temporal proximity." *Washington v. Se. Pennsylvania Transportation Auth.*, 2021 WL 2649146, at *30 (E.D. Pa. June 28, 2021). Instead, courts must engage in a fact-specific inquiry with "a careful eye" towards the circumstances of the case. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).

---

[5] Kocher's brief does not specify what EEO activity Kocher claims she engaged in prior to any of the alleged adverse employment actions. The district court thus noted that, even assuming Kocher engaged in protected activity, no causal connection between the actions she complained of any protected activity existed. Appx032 ("Nor is there any causal connection between the actions she complains of and any protected activity.").

There was no unusually suggestive temporal proximity here. The earliest alleged discrimination in this case was the November 2018 performance counseling. Kocher's most recent protected activity prior to that was an EEO complaint filed in June 2017. SAppx081. This 17-month gap far exceeds the degree of temporal proximity that could support an inference of a retaliatory motive. *See Tirk v. Dubrook, Inc.*, 673 F. App'x 238, 241 (3d Cir. 2016) (rejecting the plaintiff's argument that the temporal proximity of approximately one month sufficiently demonstrated a causal connection); *Blakney v. City of Phila.*, 559 F. App'x 183, 186 (3d Cir. 2014) (citing instances in which temporal proximity greater than ten days required supplementary evidence of retaliatory motive); *Carmody v. Pennsylvania State Univ.*, 2007 WL 1074862, at *8 (M.D. Pa. Apr. 9, 2007) ("All the evidence we have here is temporal proximity, and a one month gap between settlement of the previous cause of action and the denial for Position No. 1 does not create 'unusually suggestive facts.'"). The length of time between Kocher's June 2017 EEO complaint and the conduct alleged here was not unusually suggestive and cannot prove causation.

Where, as here, the facts of a case demonstrate that the temporal proximity is not unusually suggestive, a prima facie retaliation claim can be established by other evidence supporting an inference of retaliatory

animus. For example, an ongoing pattern of grievances or inconsistencies in the employer's articulated reasons for the action can support a retaliation claim. *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232-33 (3d Cir. 2007); *see also Shaner v. Synthes (USA)*, 204 F.3d 494, 505 (3d Cir. 2000).

Kocher cannot show a causal connection between her prior EEO complaints and the alleged adverse actions in this manner. On appeal, Kocher rehashes allegations that her second-line supervisor, Bruce Boxer, "was a major player in Appellant's prior EEO activity" and that her first line supervisor, Tracey Schoen, was aware of Kocher's "other issues regarding [the VA]." Appellant's Br. at 15-16.[6] During her deposition, Kocher could not identify when her EEO activity predating the EEO complaint in this

---

[6] Kocher's discussion of Boxer and Schoen improperly cites only Kocher's brief in opposition to the VA's motion for summary judgment. *See* Appellant's Br. at 15-16 (citing Appx084-085); *see Doeblers' Pennsylvania Hybrids, Inc.*, 442 F.3d at 820 n.8 ("[T]he plaintiff's near-complete reliance on its "Concise Statement of Undisputed Facts" [filed in the district court] does not fulfill the mandate in Federal Rule of Appellate Procedure 28(e) for citations to the appendix."). That portion of Kocher's district court brief, in turn, refers to pages 20, 24, 32, 50, and 57 of the transcript of Schoen's deposition testimony. Appx084. Pages 24, 50, and 57 of the Schoen transcript were not a part of the district court record and are not included in the Appendix here. *See* Appx161-176 (Schoen notes of testimony). And in any event, as discussed above, Kocher fails to draw any plausible causal connection between Schoen's conduct and Kocher's prior EEO activity.

case occurred, or what VA conduct the prior activity was purportedly related to. SAppx044-045 (Kocher Dep. Tr. 22:14-25:19). Kocher's subjective belief that her prior activity was generally known, without any connection to the specific conduct alleged in her complaint, is insufficient to establish a prima facie case of retaliation. *See Harris v. Dow Chemical Co.*, 586 F. App'x 843, 846 (3d Cir. 2014) (finding waiver of retaliation claim where appellant's references to alleged retaliation were "wholly conclusory and unsupported by citation to fact, law, or logic").

Therefore, the district court correctly ruled that Kocher failed to marshal evidence of a causal link between protected activity and any subsequent adverse action.

## CONCLUSION

For the foregoing reasons, this Court should affirm the order and judgment of the district court.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Gregory B. David/LYJ
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ David A. Degnan
 DAVID A. DEGNAN
Assistant United States Attorney
615 Chestnut St., Suite 1250
Philadelphia, PA 19106
david.degnan@usdoj.gov
(215) 861-8522

Dated:  June 21, 2023

# CERTIFICATIONS

1.  I certify that this brief contains 6,040 words, exclusive of the table of contents, table of authorities, and certifications, and therefore complies with the limitation on length of a brief stated in Federal Rule of Appellate Procedure 32(a)(7)(B), and was prepared in Microsoft Word 2016 using 14-point Georgia font, a proportionally spaced typeface, and therefore complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6).

2.  I certify that the electronic version of this brief filed with the Court was automatically scanned by McAfee Endpoint Security, version 10.7.0.3012, and found to contain no known viruses.

3.  I certify that the text in the electronic copy of the brief is identical to the text in the paper copies of the brief filed with the Court.

/s/ David A. Degnan
DAVID A. DEGNAN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on this date this brief was filed and served through the

Court's Electronic Filing System.

/s/ David A. Degnan
DAVID A. DEGNAN
Assistant United States Attorney